Good morning, Your Honors. May it please the Court. My name is Ethan Ballow. I speak for Deante Broussard. I'll watch my own time. I'd like to, plan to, or hope to, reserve three minutes for rebuttal. Could you pronounce his first name? Deante. Deante. Yes. Thank you, Your Honor. I want to make sure I gave the clerk to the panel a one-page excellent, which may assist us this morning. I've given a copy to opposing counsel. Of course. This case concerns the legality of a sentence imposed upon Mr. Broussard for violating the terms of a supervised release. This morning, I would like to first address the sentencing options that the district court faced when imposing, when sentencing Mr. Broussard for his violating supervised release, and then I'd like to address why the district court erred. Well, you have a concession that there was an error. That is correct. And, but it's critically, there's two counts of conviction, and what's critically important in this case, there is, although my colleague concedes that when addressing count one, the contempt of court conviction, the district court erroneously considered it a Class A felony, which we all know under Carpenter it was not. We maintain it was a Class E felony by applying Carpenter, and my colleague maintains it was a Class D felony, and the difference is critically important in this case. What Carpenter teaches us is that it's very easy to determine the section 3559 sentencing classification for contempt. All you need to do is look at how the district court actually analogized, actually calculated the sentencing guidelines upon at the time she imposed sentence. If it's a D, what's the maximum term of supervised release? If it was a D, it would be three-year term supervised release. He could have been sentenced to two years' imprisonment and have a one-year tail. And if it's an E, only one year in prison or one-year term. And it's critically important in this case because in January, he, Mr. Broussard was arrested in January of 2007, excuse me, January of 2008. He was sentenced to two years' concurrent term on his violation and then three years of following supervised release. For count one, that two-year concurrent term was illegal. At most, he could have been sentenced to one year, which he has now served, and he can have no supervised release for count one on the back end. So count one as of today, actually as of, with good time credit, sometime in December, has been completed. Mr. Broussard has no further obligations to the Northern District of California with respect to his contempt of court conviction. The only count of conviction which he has any responsibility for from this day going forward is the second count, the resisting arrest conviction. And that is a Class D felony, which we agree. There's no dispute among the parties. Under 3559, it's a Class D. And the judge's sentencing options for that were she'd give him three years of supervised release. She'd give him up to two years for a Class C violation. But if she gave whatever prison term she imposed, he would get credit for that against any remaining term of supervised release. So at an absolute minimum, what this court must do is it has to reverse the sentence and remand to the district court with instructions to limit supervised release on count two to one year. As it's been imposed on the sentence, which is ER1, he would have three years of supervised release, and that's in excess of the statutory maxima under 3559 and 3583. So that is why understanding that count one is Class C is so important. If Mr. — if my colleague, Mr. Mardigan, was correct, then he could be set — he could have additional obligations under count one as opposed to having that being discharged. But just — just speaking for myself, we're not always overjoyed to see sentencing appeals like this that require this much finagling. I'm just wondering, could you just — just for my benefit, how did the district court get off on the wrong track to begin with with the count A? I think she relied too much on the United States probation officer who said — who was adamant at the sentence, at the revocation, that it was a Class A, it was a life case, it had to be five years. And if you look at page 13 of ER, Mr. Broussard's then-appointed counsel, she said, no, no, I think it's three years. I think it's three years. And the judge, taking the cue from the probation officer, was adamant. I think she says at ER 31, there's no doubt about it, anything with a life cap has to be a Class A felony. It's five years. And I think my colleague, Mr. Mardigan, was actually at that hearing. And at one point, he says it's three years. And — But was there a life cap? That's what I — Yes. Contempt of court is — the sentence for contempt of court is at the discretion of the district court. But what the court said in Carpenter was there's so many species of contempt. You can have summary jail. You can have a jury trial. Sometimes you have the right to counsel. Sometimes you don't. If it's civil, you have the keys. And so the court said we can't — Okay. Oh, I see. So she's talking about generic contempt. Yes. So she said because you have a contempt conviction which has a life cap, it has to be a Class A. And no one brought Carpenter to her attention. Mr. Broussard's lawyer did say, though, twice, actually more than twice, I think the maximum is three years. You can't sentence him to more than three years of supervisory release. You can't give him more than two years in custody. And the district court, without having anyone tell her about Carpenter, I think believing it was a life cap, became adamant that it had to be a Class A. And that's where the district court erred. And one other thing. I think the appointed lawyer at that time, she asked to get the transcript. She asked — she asked a lot of questions about how you so sure it's a type of Class A. I disagree. Can we put this over? Can we do something? This is a critically important decision. And she didn't profess to have the surety of either — the certainness of either the probation officer or the district court, though she did preserve the position. But she recognized and identified that this was an important distinction, that the Class A designation was wrong. I think also part of the problem was the original sentence imposed was it treated — it treated the contempt conviction like a Class A felony, and it gave him three years of supervised release at the initial sentence. And that was error. Because it was a Class E felony under Carpenter, he should have only gotten one year supervised release on the contempt conviction. But because Mr. Broussard agreed to that, and it was part of a plea agreement, and he didn't object or appeal it, that issue is no longer before the Court. But I think it helps explain how we get here today. I think the Court should, at a minimum, reverse the sentence and remand with instructions to deem Count 1 satisfied and Count 2 have a one-year tail. And that was my buzzer. So let me know where I am on the clock. If the Court has any questions about addressing the Taddeo or George concerns that I've raised, I'd be happy to discuss them with you. If the Court — I know sentencing appeals are not in vogue these days. If the Court has no questions about that subject matter, I'd be happy to save the rest of my time for rebuttal. I don't agree to any questions. We'll hear from you, Governor. Thank you. Thank you, Your Honor. May it please the Court. Good morning, Your Honors. Owen Mardikin for the United States is appellee. Clearly, the appellant is correct here. The battleground is over whether the contempt conviction should have been classified as a Class D or a Class E felony. I believe it should be classified as a Class D felony for several reasons. First, the escape statute, 18 U.S.C. 751, is a Class D felony. Second, the crime of assault on a federal officer, 18 U.S.C. 111, is a Class D felony. Third, the defense points to the guidelines range under Carpenter for escape and correctly points out that the applicable guidelines range is 2P1.1. However, the defense focuses on the base level of 13 for escape, but that very guideline provides a five-level enhancement for use of force, which would bring the offense level up to 18, which given Mr. Broussard's criminal history category of five, is a sentence guideline range of 51 to 63 months, exceeding five years, therefore also suggesting a Class D and not a Class E felony. I'd like to make another point with respect to United States v. Carpenter. It's an interesting case. It clearly controls here, but there's a twist to it since Carpenter is a pre-Booker case. What Carpenter is looking at is what the district court, the maximum sentence that the district court was authorized to impose. Back then, the guidelines maximum. Now, the statutory maximum. As I said earlier, the statutory maximum for both escape and assault on a federal officer puts it in the Class D felony range. So I believe for all those or any of those reasons, the court should classify both the contempt as a Class D felony as well as the assault on a federal officer. So the question is, what does that mean with respect to Mr. Broussard's sentence? Well, it's not so simple to look at simply how one of the sentences runs alone, because as this Court noted in the United States v. Jackson, sentences can run concurrently or consecutively on revocation of supervised release. If the court had revoked both of the terms of supervised release, as Class D to Class D felonies, the court could impose consecutive terms of one day of imprisonment on one of the felonies, two years minus one day on the other felony, and had three years minus one day of supervised release to impose, resulting in a sentence only one day shorter on supervised release than what she actually imposed. So thus the crux of the matter is how the court characterizes that one felony, which the government submits should be a Class D felony. Certainly this case needs to be remanded for the court to clear that up, but it should not be remanded with instructions for the court to impose a limit of one year of supervised release. Frankly, that would be improper even if we were talking about a Class E felony because of the fact that the sentences can be consecutive. Looking at counsel's chart, the court could have imposed one year on each term to run consecutive for a two-year term and still had two years left of supervised release to impose. So the maximum term together that the judge could impose, if we're talking about a Class E felony, is two years of imprisonment followed by two years of supervised release, one year shorter than what she actually imposed. Or if we're talking about two Class D felonies, which the government believes is proper, it would be just one day shorter would be the maximum that the judge could impose. So given that, I think the scope of the remand should be that this court decides that what we're talking about, the contempt conviction is a Class D felony, and the court should sentence accordingly. If Your Honors don't have any questions, I'm willing to submit at this time. Thank you. Thank you, Your Honors. Thank you, Your Honors. I'll be brief. One, my colleague, Ms. Reed's Carpenter, the court does not analogize the statute, and we don't, this court doesn't today determine whether it's a Class D or Class E felony by looking at his conduct and determining how it would sentence if it was a sentencing court. Carpenter tells us, because the district judge must choose which guidelines to apply in criminal cases, criminal contempt cases, the sentencing range reflects the judge's assessment of the severity of the contemptor's conduct. That decision has been made. It was made in 2007. That decision was he was facing a guideline range of 30 to 37 months. That decision is contained in the PSR. That decision was, is final, and it controls making it a Class E felony because it's less than five years. I don't think Booker vacates Carpenter as authority. I don't think this panel, though it may be interesting for an unbanked decision on whether Carpenter should remain good law, I don't think it changes. But to the extent the government wants to say, well, you should actually not look at how they calculate the sentences, because under Booker, a court can calculate the guidelines, and then a court can consider it, but then use 3553A to decide a sentence, the right thing to do under Booker would be to look at the sentence actually imposed as an assessment of how harshly the district judge looked at the contempt conduct. In this case, the judge imposed an 18-month sentence, much lower than the guidelines. So to the extent Carpenter doesn't remain good law after Booker, in this case, it would make no difference because the actual sentence imposed at 18 months informs us that the northern district found his conduct was worthy of a Class E felony, conduct with less than five years in jail. The second point I wanted to make is Mr. Martigan tells us that there was one revocation and one not revocation. I think the government concedes that this doesn't exist when it tells the court in its page 9 of its opening brief or its answering brief, to the extent that the judgment and commitment order is construed differently, the court should remand so that the district court can amend it. That's not what this court does. In this case, ER-1 has the revocation order. Judge Patel revoked supervised relief on both counts. ER-23, she says, now that I've revoked supervised release. In total, let's decide what the appropriate sentences, plural, should be. She revoked both terms. And why that's so important is Mr. Broussard is serving concurrent terms because under 3584, unless the district judge clearly orders otherwise, and she did not in this case, the sentences run concurrent as a matter of law. And that's important because Mr. Broussard has served his time. And to not give him credit for that time served on these concurrent sentences on remand would be unfair. I see if I've exceeded my allotted time. Thank you. Thank you. That is argued as submitted for decision. The court appreciates the arguments. And we will hear the next case, which is Ventana Wilderness-Elias.
judges: Hawkins, Rawlinson, Smith